IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE SEARCH ) | MISC. NO. 09-00099 JMS/KSC |
| OF various searches and seizures ) | MISC. NO. 09-00100 JMS/KSC |
| ) | MISC. NO. 09-00101 JMS/BMK |
| ) | MISC. NO. 09-00102 JMS/LEK |
| ) | |
| ) | ORDER ADOPTING MAGISTRATE |
| ) | JUDGE LESLIE E. KOBAYASHI'S |
| ) | JUNE 19, 2009 AND JUNE 25, 2009 |
| ) | FINDINGS AND |
| ) | RECOMMENDATIONS TO |
| ) | DISMISS PETITIONS AND |
| _____ ) | DISMISSING PETITIONS |

## ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S JUNE 19, 2009 AND JUNE 25, 2009 FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONS AND DISMISSING PETITIONS

On April 7 and 8, 2009, the Federal Bureau of Investigation executed search warrants and obtained evidence, funds, and vehicles in connection with a criminal investigation regarding the marketing of a program which allegedly provides mortgage loan assistance to individuals experiencing financial difficulties. Following these searches and seizures, John Oliver ("J. Oliver"), Mahealani Ventura-Oliver ("M. Oliver"), Petro and Lehua Hoy, and Pilialoha Teves[1] ("Teves") filed various documents with the court. While the content of these

---

[1] Tevas filed her Petition and Objections as "Authorized Representative" of the Hawaiiloa Foundation.

documents was not clear, Magistrate Judge Leslie E. Kobayashi construed them as asking the court to unseal the applications and search warrants and return the property that was seized (collectively, the "Petitions"). Magistrate Judge Kobayashi subsequently issued Findings and Recommendations to dismiss these Petitions on June 19, 2009 in Misc. No. 09-00099 JMS/KSC, Misc. No. 09-00100 JMS/KSC, and Misc. No. 09-00102 JMS/LEK, and June 25, 2009 in Misc. No. 09-00101 JMS/BMK (collectively "June 2009 F&Rs").

Currently before the court are various Objections to the June 2009 F&Rs. Specifically, J. Oliver and M. Oliver filed Objections on July 8, 2009 and July 14, 2009, which refer to "Mc 09-00253-LEK/HG-KSC/ et al. & All related cases connected thereto," and which were filed in Misc. No. 09-00099 JMS/KSC and Misc. No. 09-000100 JMS/KSC. Pilialoha K. Teves also filed Objections bearing this same heading on July 8, 2009, July 13, 2009, July 14, 2009, and August 10, 2009, and which raise the same arguments raised by J. Oliver and M. Oliver.[2]  Based on a review of the June 2009 F&Rs, the Objections, and the entire

---

[2] While the Objections were not docketed in each of the miscellaneous actions, liberally construing these Objections, the court addresses them as if they were filed in each of the actions addressed by this Order, including Misc. No. 09-00102 JMS/LEK which the court previously dismissed because no Objections were docketed in that action.  Petitioners also submitted affidavits of costs and fees in some of their Objections.  To the extent any these Objections could be construed as seeking attorneys' fees, the court DENIES the motions for attorneys' fees because, as explained below, the court adopts the June 2009 F&Rs.

record of each of these actions, the court ADOPTS the June 2009 F&Rs and DISMISSES the Petitions.

## **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*,, 616 (9th Cir. 1989).

## **DISCUSSION**

In each of these June 2009 F&Rs, Magistrate Judge Kobayashi recommends that the sealed applications and search warrants should not be unsealed at this time because the government has sufficiently shown that the criminal investigation requires secrecy, individuals received copies of the search warrant and a receipt of the items taken, and there is no First Amendment right of access to search warrant proceedings.  Magistrate Judge Kobayashi further weighed the relevant factors in determining whether the court should exercise jurisdiction over these pre-indictment requests for return of property and recommends that the court not reach the merits of the Federal Rule of Criminal Procedure 41(g) motion.

The court finds that the June 2009 F&Rs should be adopted.  As an initial matter, none of the Objections was timely filed and on that basis alone, the court may adopt the June 2009 F&Rs.  Further, even if the court did engage the substance of Objections -- to the extent they can be understood -- they raise wholly frivolous and irrelevant arguments based on a misunderstanding of the law and/or incorrect statements of facts.[3]

---

[3] In addition to the arguments raised below, the Objections argue that Magistrate Judge Kobayashi should be recused from these actions.  The court finds no basis whatsoever for Magistrate Judge Kobayashi's recusal and rejects this argument out of hand.

For example, the Objections argue that the court lacks jurisdiction because the private property taken belonged to the "beneficiaries" of the Hawaiiloa Foundation and others, who were not given notice of the warrants and seizure. Contrary to this argument, there is no evidence that the warrants were improperly issued, served, and/or executed.  The Objections also argue that the court lacks jurisdiction because there is no pending civil or criminal action before the court, but a criminal action is not a prerequisite to a valid search warrant -- a search warrant can validly issue during a criminal investigation even though formal charges have yet to be made.

The Objections further assert, without any basis whatsoever, that the government did not have probable cause for the search warrants as shown by the fact that the government has failed to respond to various pleadings submitted by Petitioners and the "beneficiaries" of Hawaiiloa Foundation demanding return of their property.  The Objections therefore conclude that the government is in default and has admitted the lack of probable cause.  Despite Petitioners' suggestion, the government had no duty to respond to the Petitioners' private demands for additional information and any failure to respond does not create a default.  More importantly, however, is that Petitioners fail to explain how such arguments are relevant to the June 2009 F&Rs.  While Petitioners' arguments address the validity

of the seizures, the June 2009 F&Rs considered the factors outlined in *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005), to determine that the court should decline to consider the merits of the Rule 41(g) motions and nothing in the Objections address that determination.  *See* 28 U.S.C. § 636(b)(1) (stating that the court must review de novo only those portions of a findings and recommendation to which the objections are made).

    In sum, the Objections are wholly misdirected and do not meaningfully address the substance of the June 2009 F&Rs.  Upon the court's own de novo review of the records of these actions, the court agrees with the June 2009 F&Rs that the applications and search warrants should remain sealed and that the court should not reach the merits of the Federal Rule of Criminal Procedure 41(g) motion.

///

///

///

///

///

///

## **CONCLUSION**

For these reasons, the court therefore ADOPTS the June 2006 F&Rs and DISMISSES the Petitions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2009.



     /s/ J. Michael Seabright
     J. Michael Seabright
     United States District Judge

*In the Matter of Various Searches and Seizures*, Misc No. 09-00099 JMS/KSC, Misc. No. 09-00100 JMS/KSC, Misc. No. 09-00101 JMS/BMK, Misc. No. 09-00102 JMS/LEK, Order Adopting Magistrate Judge Leslie E. Kobayashi's June 19, 2009 and June 25, 2009 Findings and Recommendations to Dismiss Petitions and Dismissing Petitions